IN THE SUPREME COURT OF THE STATE OF NEVADA

JAIDEN CARUSO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80361

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Jaiden Caruso raises three issues.

First, Caruso argues that he is entitled to the guilty plea agreement that the State withdrew after his codefendant rejected the package plea offer.[2] We disagree because a defendant has no right to a plea bargain, and the prosecutor is not obliged to negotiate a case if she prefers to go to trial. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Here, the

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

[2]The State argues that Caruso's statement of facts in his opening brief lacks citations to the record, *see* NRAP 28(e)(1) (providing that "every assertion in briefs regarding matters in the record shall be supported by a reference to the page and volume number, if any, of the appendix"), and should not be considered. And, despite the State highlighting this deficiency, the statement of facts in Caruso's reply brief also lacks appropriate citations to the record. We note that this dereliction made it unnecessarily difficult to resolve the claims raised on appeal and admonish counsel to comply with the relevant rules of appellate procedure.

21-13943

State offered a guilty plea agreement that expressly stated, "[b]oth defendants must enter guilty pleas in order to receive the benefit of the negotiations." Caruso's codefendant chose to defend against the criminal charges at trial, and the State withdrew its offer. Caruso's argument that a conditional guilty plea offer based on the decision of a third party is fundamentally unfair is without merit as the weight of authority refutes his contention. *See, e.g., United States v. Williams*, 827 F.3d 1134, 1164-65 (D.C. Cir. 2016) (explaining that "a plea deal contingent on a co-defendant's guilty plea" did not violate defendant's due process rights); *United States v. Gonzalez-Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) (explaining that a "package deal" would not violate the defendants' constitutional rights); *United States v. Seligsohn*, 981 F.2d 1418, 1426 (3d Cir. 1992) ("Package deal plea bargains, in which a prosecutor makes an agreement with one defendant contingent upon a co-defendant also pleading guilty, are permissible provided that the defendant's decision to forego a trial is otherwise voluntary."), *superseded by statute for other reasons as stated in United States v. Corrado*, 53 F.3d 620, 624 (3d Cir. 1995); *United States v. Wheat*, 813 F.2d 1399, 1405 (9th Cir. 1987) (declining to declare "'package-deal' plea bargains" per se impermissible).

Caruso also contends that he is entitled to specific performance of the guilty plea offer because he wanted to accept the terms. While guilty plea agreements are subject to general contract principles, *State v. Crockett*, 110 Nev. 838, 842, 877 P.2d 1077, 1079 (1994), the State is free to withdraw the offer any time before the plea is actually entered, *id.* at 845, 877 P.2d at 1081. Accordingly, the State cannot be held to specifically perform a plea agreement that was never in effect. *Cf. id.* at 845, 877 P.2d at 1080 ("[T]he proper remedy for *breach* of a plea agreement is specific performance."

 

(emphasis added)). Therefore, we conclude Caruso has not shown that he is entitled to relief.[3]

Next, Caruso argues that the district court erred in denying his motion for a mistrial after a witness referenced a prior bad act. "The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion." *Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004).

Here, during a pretrial hearing, Caruso sought to exclude prior-bad-act evidence regarding his possession of a stolen vehicle, and the State represented that that fact would not be introduced at trial. However, at trial, a law enforcement officer mentioned during cross-examination that the victim's wallet was found in a "stolen" vehicle. Caruso moved for a mistrial, which the district court denied. The reference was not elicited by the State, and the district court instructed the jury to disregard the comment. *See Summers v. State*, 122 Nev. 1326, 1335, 148 P.3d 778, 784 (2006) (concluding that appellant had not demonstrated the district court abused its discretion by denying mistrial motion based on a witness's testimony regarding threats to his life where the State did not elicit the statement and the district court struck it). And "this court generally presumes that juries follow district court orders and instructions." *Id.* at 1333, 148 P.3d at 783. Further, the district court told the jury that the statement was "a mistake" and "inaccurate." We conclude the district court's curative measures sufficiently addressed any potential prejudice

---

[3]Insofar as Caruso contends that his codefendant's counsel provided ineffective assistance of counsel and he suffered from the resultant prejudice, such claims are not appropriate for review on direct appeal. *Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995).

that occurred. Therefore, we conclude the district court did not abuse its discretion in denying Caruso's motion for a mistrial.

Finally, Caruso argues that the district court erred in denying his motion for a new trial based on juror misconduct. He contends that the jurors considered the reference to the stolen vehicle during deliberations. As discussed above, the district court instructed the jurors to disregard that statement. "A jury's failure to follow a district court's instruction is intrinsic juror misconduct," *Valdez v. State*, 124 Nev. 1172, 1186, 196 P.3d 465, 475 (2008), which, "only in extreme circumstances[,] will . . . justify a new trial," *Meyer v. State*, 119 Nev. 554, 565, 80 P.3d 447, 456 (2003). We conclude that the district court did not abuse its discretion in determining that this situation did not rise to such a level. *See id.* at 561, 80 P.3d at 453 (reviewing the denial of a motion for a new trial based on alleged juror misconduct for an abuse of discretion). Although testimony, affidavits, or evidence of any statement by a juror indicating an effect on the jury's deliberative process are generally not admissible to impeach a verdict, NRS 50.065(2), the district court held an evidentiary hearing where six jurors, including the complaining juror, testified.[4] Each of the jurors testified that the stolen vehicle was mentioned briefly by a few jurors but the jury foreperson repeated the district court's instruction and told the jurors that

---

[4]Caruso also contends that the district court erred in limiting the scope of the evidentiary hearing and excluding other claims of juror misconduct made in the complaining juror's affidavit. After reviewing the record, we conclude that the district court did not abuse its discretion as the claims were speculative, irrelevant, or concerned the complaining juror's state of mind during deliberations. *See* NRS 50.065(2) (addressing admissibility of evidence to impeach a verdict); *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing "a district court's decision to admit or exclude evidence for an abuse of discretion").

the issue could not be discussed. All but the complaining juror testified that the issue did not affect their deliberative process. The district court found the complaining juror's affidavit and testimony lacked credibility and that no other evidence showed that juror misconduct affected the verdict. Thus, we conclude that the fleeting comments about the stolen vehicle would not have influenced "the average, hypothetical juror." *Meyer*, 119 Nev. at 566, 80 P.3d at 456. Further, given the overwhelming evidence of Caruso's guilt—including eyewitness testimony, Caruso's concession that he killed the victim, and a self-recorded video of him boasting that he "just caught a body" before showing the victim's dead body—we conclude he has not demonstrated a "reasonable probability or likelihood that the juror misconduct affected the verdict." *Id.* at 564, 80 P.3d at 455. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Chief Judge, Eighth Judicial District Court
  Department 3, Eighth Judicial District Court
  Mace J. Yampolsky, Ltd.
  Attorney General/Carson City
  Clark County District Attorney
  Eighth District Court Clerk